FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2015 SEP -2 PM 2:41

US DISTRICT COURT
LE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES OF AMERICA

v.

ALEXANDER JAMES CARLSSON

CASE NO. 6:15-cr-200-01-AOKRS
18 U.S.C. § 2252A(a)(5)(B)
18 U.S.C. § 2253 - Forfeiture

## INDICTMENT

The Grand Jury charges:

## COUNT ONE

On or about August 5, 2015, in Seminole County, in the Middle District of
Florida, and elsewhere,

**ALEXANDER JAMES CARLSSON**

the defendant herein, did knowingly possess materials containing images of child
pornography, that is, visual depictions of a minor engaging in sexually explicit
conduct, that had been shipped and transported using any means and facility of
interstate and foreign commerce, and that had been shipped and transported in
and affecting interstate and foreign commerce by any means, including by
computer, and that had been produced using materials that had been shipped and
transported in and affecting interstate and foreign commerce.

All in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and
(b)(2).

## FORFEITURES

1.      The allegations contained in Count One of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures, pursuant to the provisions of Title 18, United States Code, Section 2253.

2.      Upon conviction of the violation alleged in Count One of this Indictment, the defendant, **ALEXANDER JAMES CARLSSON**, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2253, all of his interest in:

a.      Any visual depiction described in Title 18, United States Code, Sections 2251, 2251A, or 2252, 2252A, 2252B, or 2260 of this chapter, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of this chapter;

b.      Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

c.      Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense, including (1) a black generic desk top computer, (2) a thumb drive, (3) an external hard drive, and (4) a Lenovo Yoga laptop computer.

3.      If any of the property described above, as a result of any act or omission of the defendant:

a.      cannot be located upon the exercise of due diligence;

2

      b.      has been transferred or sold to, or deposited with, a third

            person;

      c.      has been placed beyond the jurisdiction of the Court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be

            subdivided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property

pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title

18, United States Code, Section 2253(b).

A TRUE BILL,

Foreperson

A. LEE BENTLEY, III
United States Attorney

By: _____

Karen L. Gable
Assistant United States Attorney

By: _____

Katherine Ho
Assistant United States Attorney
Chief, Orlando Division

3

FORM OBD-34
APR 1991

No.

---

## UNITED STATES DISTRICT COURT
### Middle District of Florida
### Orlando Division

---

THE UNITED STATES OF AMERICA

vs.

ALEXANDER JAMES CARLSSON

---

## INDICTMENT

Violations:

18 U.S.C. § 2252A(a)(5)(B)

---

A true bill,

_____
Foreperson

---

Filed in open court this 2nd day

of September 2015.

_____
Clerk

---

Bail $_____

GPO 863 525