UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO. 6:15-cr-200-Orl-40KRS

ALEXANDER JAMES CARLSSON

### UNITED STATES OF AMERICA'S SENTENCING MEMORANDUM

The United States of America, by and through the undersigned Assistant United States Attorney, files its sentencing memorandum and requests this Court to impose a sentence at the low end of the Sentencing Guidelines ("guidelines") range as set forth in the Presentence Report (PSR) prepared by the United States Probation Office. A low-end guidelines sentence in this case will achieve the purposes of sentencing set forth in 18 U.S.C. § 3553(a) because it will reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and most importantly, protect children from further crimes of the defendant.

### BACKGROUND

For nearly nine months last year, Carlsson downloaded videos and pictures showing adults sexually abusing children as young as toddlers from child pornography websites on the dark web. Carlsson carefully covered his tracks. To reach the sites, he first had to install free software called Tor, a tool that allowed him to operate anonymously online by disguising his internet protocol address. Then, he created a fictitious identity to access the sites.

Because the sites were not named conventionally, but instead used lengthy algorithms, Carlsson bookmarked the sites for easy access.   One of the sites that he used to obtain child pornography was a site called Playpen, a child pornography bulletin board and website dedicated to the advertisement and distribution of child pornography and the discussion of matters pertinent to the sexual abuse of children, including the safety and security of individuals who seek to sexually exploit children online.   A message on the website detailed rules for the forum and provided warnings and recommendations on how to hide the user's identity for the user's security.   After logging into the site, the user could access any number of sections, forums and sub-forums, including those entitled (a) Jailbate – Boy; (b) Jailbait – Girl; (c) Preteen – Boy; (d) Preteen – Girl; (e) Pre-teen Videos – Girl HC (hard core); (e) Pre-teen Videos – Boy HC; (f) Toddlers; and (h) Kinky Fetish – Scat.   These sections contained discussions about, and images that depicted child pornography and child erotica involving prepubescent girls, boys and toddlers.

Carlsson chose the section Pre-teen Video, Girls HC section of the website, accessed posts containing links to videos and images of hard core prepubescent child pornography, and downloaded many of those horrific videos and pictures. He saved those files to folders he created called "my stuff" and "sibrlx."   Carlsson, a computer animation student, explained to agents that he viewed computer animation movies of children engaged in sex acts and was sexually aroused.   He then sought out images depicting the sexual abuse of real children on the dark

2

web, and used the images for sexual gratification. Carlsson also described himself as a "clopper," explaining that, in addition to children, he was sexually attracted to pony erotica. He maintained a collection of my little pony dolls in his bedroom that he found sexually stimulating. A forensic examiner located a total of 24 movies and 26 graphics showing the sexual abuse of prepubescent children, including 2 videos of children in bondage, on Carlsson's computer devices. In addition, the examiner located images of pony erotica and animation images featuring children engaged in sex acts with adults.

Carlsson has been convicted of one count of possession of child pornography. He faces a statutory maximum term of imprisonment of ten years. His guidelines range is 78-97 months. For the reasons set forth below, the United States requests the Court to sentence the defendant to 78 months in prison followed by a life term of supervised release.

## ARGUMENT

**I.      Guidelines Objections**

    1.      <u>Application of U.S.S.G. § 2G2.2(b)(6).</u>

Carlsson objects to the two-level enhancement because the offense involved the use of a computer. Pursuant to § 2G2.2(b)(6) of the guidelines, district courts must increase a defendant's base offense level by two levels if the "offense involved the use of a computer or an interactive computer service for the "possession ... of the material ...." Carlsson does not contest that he used a computer to possess and receive child pornography, but instead argues that the

application of this enhancement results in double-counting because every child pornography offense involves a computer.  See *United States v. Tenuta,* 593 F.3d 695, 696 (7th Cir. 2010)(one form of double-counting occurs when a district court uses conduct that was an element of the offense to enhance the defendant's guidelines range).  Carlsson is mistaken.  The use of a computer is not an element of the crime of conviction, i.e. possession of child pornography, and thus the enhancement does not amount to double-counting.  *United States v. Lewis,* 605 F.3d 395, 403-404 (6th Cir. 2010).

"Impermissible double counting occurs only when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines."  *United States v. Matos-Rodriguez,* 188 F.3d 1300, 1309 (11th Cir.1999) (internal citation omitted).  Double counting is permitted, however, "if the Sentencing Commission intended that result and each guideline section in question concerns conceptually separate notions relating to sentencing." *United States v. Stevenson,* 68 F.3d 1292, 1294 (11th Cir.1995); *see also United States v. Dudley,* 463 F.3d 1221, 1227 (11th Cir.2006) (finding no impermissible double counting where the Guidelines sections at issue addressed separate harms).  The Eleventh Circuit "presumes the Sentencing Commission intended to apply separate guideline sections cumulatively, *unless* specifically directed otherwise." *Matos-Rodriguez,* 188 F.3d at 1310.

4

Carlsson pled guilty to violating 18 U.S.C. § 2252A(a)(5)(B), which criminalizes the possession of child pornography using the United States mail, or using any means or facility of interstate or foreign commerce, or in or affecting interstate or foreign commerce, including by computer.  18 U.S.C. § 2252A(a)(5)(B).  Thus, using a computer is not an element of the crime; rather, affecting interstate commerce is the element of the crime, and Carlsson could have violated the statute without using a computer, such as receiving it through the United States mail or across state lines.  Moreover, "[d]istributing child pornography through computers is particularly harmful because it can reach an almost limitless audience.  Because of its wide dissemination and instantaneous transmission, computer-assisted trafficking is also more difficult for law enforcement officials to investigate and prosecute."  *United States v. Lebovitz,* 401 F.3d 1263, 1271 (11th Cir. 2005)(quoting H.R.Rep. No. 104-90, at 3-4 (1995), as *reprinted in* 1995 U.S.C.C.A.N. 759, 760-61).  Thus, the enhancement for use of a computer aims at punishing a distinct harm beyond the mere possession of child pornography.  In addition, it is an offense characteristic, not an element of the offense, and application of this enhancement does not result in double-counting.  *Tenuta*, 593 F.3d at 698-99.

Defendant invites the court to commit procedural error by disregarding the application of the computer enhancement in its guidelines calculation on the asserted grounds that the enhancement does not aggravate the crime.  But, defendant's use of the computer was especially aggravating in this case, since he

5

used the computer to cover his tracks and access a website on the dark web where individuals communicated about, and posted images showing, the sexual abuse and exploitation of children. The court should overrule the defendant's objection.

## II.     Section 3553(a) Factors

### 1.     The Nature and Circumstances of the Offense

The nature, circumstances and extent of Carlsson's criminal conduct are serious and weigh in favor of a low-end guidelines sentence. *See* 18 U.S.C. § 3553(a)(1). Carlsson downloaded images showing the sexual abuse and exploitation of toddlers and prepubescent children for nearly nine months. He consumed horrible images depicting the worst moments of these children's lives, and fueled a market that necessarily involves the sexual abuse of children. A substantial sentence is warranted to adequately punish Carlsson for his crime, to reflect the gravity of his conduct, and to promote respect for the law.

"Child sex crimes are among the most egregious and despicable of societal and criminal offenses." *United States v. Sarras,* 575 F.3d 1191, 1220 (11th Cir. 2009)(court affirmed as reasonable a 100-year-sentence for a first offender who sexually abused a 13-year-old girl and photographed the abuse). The Eleventh Circuit has recognized that "sexual crimes against minors cause substantial and long-lasting harm…." *United States v. Mozie*, 752 F.3d 1271, 1289 (11th Cir. 2014). "It has been found that sexually exploited children are unable to develop healthy affectionate relationships in later life, have sexual dysfunctions, and have a tendency to become sexual abusers as adults." *New York v. Ferber,* 458 U.S.

747, 758 n.9 (1982)*.* Moreover, pornography poses an additional harm to the child victim who has been sexually abused to create it because the child may suffer life-long emotional harm knowing that the recordings of the child's abuse are available for public consumption. See *United States v. Pugh,* 515 F.3d 1179, 1196 (11th Cir. 2008), citing, Shouvlin, *Preventing the Sexual Exploitation of Children: A Model Act,* 17 Wake Forest L. Rev. 535, 545 (1981).

Carlsson downloaded horrific recordings of the sexual abuse of very young children. These victims suffer real and everlasting damage from the distribution of the images of their abuse. Each time child pornography is reproduced, downloaded or viewed, the victimization of the minor appearing in the pornography is perpetuated. Congress and the judiciary have recognized that Carlsson's crime is serious. A low-end guidelines sentence adequately reflects the gravity of Carlsson's offense, and there is nothing about the seriousness of the offense that warrants a downward variance. 18 U.S.C. § 3553(a)(2).

2.  The History and Characteristics of the Defendant

Similarly, Carlsson's history and characteristics weigh in favor of a low-end guidelines sentence. 18 U.S.C. § 3553(a)(1). This factor is aimed at distinguishing among defendants who commit a particular offense or type of offense. *United States v. Irey,* 612 F.3d 1160, 1203 (11th Cir. 2010). Here, Carlsson's history and characteristics do not merit a downward variance from the guidelines.

Many of Carlsson's history and characteristics are aggravating, not mitigating factors. Carlsson is an intelligent, 25 year-old man who attended an affluent private high school and college. He is in good health, has no substance abuse problems and has family support. Although Carlsson has been diagnosed with Asperger's Syndrome, he also has been diagnosed with Pedophilia and has been characterized as an individual who lacks empathy. Carlsson knew that it was illegal to obtain child pornography and took significant steps to commit his crime undetected. His conduct was purposeful, planned and goal-directed, as evidenced by his attempts to cover his tracks and his selection of a specific forum on Playpen. In order to satisfy his sexual deviance, he intentionally involved himself in a market that exploits defenseless children, deprives them of their innocence and irreparably scars their lives. And, despite years of counseling for his Asperger's, Carlsson downloaded child pornography from depraved websites on the dark web.

Moreover, as a policy matter, the guidelines limit the permissible grounds for downward departures in cases of sexual abuse of children, specifically disallowing departures based on diminished capacity under USSG § 5K2.13. *United States v. Mark*, 425 F.3d 505, 507 (8th Cir. 2005). While the Court is not bound by this policy statement, the Court may still consider the Commission's policy statements as a factor weighing against a variance. Indeed, courts of appeals in several circuits, including the Eleventh Circuit, have affirmed guidelines sentences in child pornography cases in which the defendant had Asperger's

disorder.  *United States v. Mandli*, 278 Fed. Appx. 955, 2008 WL 2123510 (11th Cir. 2008)(per curiam)(unpublished)(defendant had Asperger's, and argued he posed no risk of recidivism and was likely to become a victim in prison); *United States v. Jones*, 563 F.3d 725 (8th Cir. 2009)(defendant had Asperger's, was the victim of abuse and suffered from degenerative arthritis).

There is no doubt that Carlsson needs treatment.  His diagnosis of Pedophilia and conduct confirms that he has a persistent sexual interest in prepubescent children.  Treatment of Pedophilia is difficult at best, and may be complicated by his Asperger's condition.  A sentence at the low end of the guidelines range will assure a lengthy separation from children and child pornography.  It will give Carlsson an opportunity for reflection and treatment in a structured setting, separated from the internet and from young children.

    3.    Just Punishment, Adequate Deterrence, Respect for the Law, and Protection of the Public

A low-end guidelines sentence also meets the sentencing goals of adequate deterrence, respect for the law, protection of the public and just punishment in this case.

Deterrence is a particularly weighty factor in this case.  Carlsson clearly understood the illegality and consequences of his conduct, yet he chose to disregard the consequences and instead used Tor to commit and conceal his offense.  Moreover, deterrence is "particularly compelling in the child pornography context" because the greater demand for it, the more children will be victimized to create it.  *Pugh,* 515 F.3d at 1194-95.  "The more serious the crime

9

and the greater the defendant's role in it, the more important it is to send a strong and clear message that will deter others." *Irey,* 612 F.3d at 1212.  Considering that child sex crimes are among the most egregious offenses, the Eleventh Circuit has "repeatedly upheld 'severe sentences in these cases.'" *Mozie*, 752 F.3d at 1271 (*citing Pugh*, 515 F.3d at 1202).  Carlsson sexually exploited young children for a relatively lengthy period of time.  His conduct was purposeful and intentional.  Consequently, a guidelines sentence is warranted to deter Carlsson from sexually exploiting minors, to promote respect for the law and to provide for just punishment.

Carlsson has demonstrated that he is a danger to children.  His criminal conduct involving child sexual exploitation, lack of empathy, and dangerous sexual interests in children show that he poses a risk to children in the future.  "Congress explicitly [has] recognized the high rate of recidivism in convicted sex offenders, especially child sex offenders." *United States v. Allison,* 447 F.3d 402, 405-06 (5th Cir. 2006); *see also, Pugh,* 515 F.3d at 1201 ("As Congress has found and as we have discussed, child sex offenders have appalling rates of recidivism and their crimes are under-reported.").  A low-end guidelines sentence will protect children from further crimes of the defendant.

For the foregoing reasons, the United States respectfully requests the Court to sentence Carlsson to a low-end guidelines prison sentence followed by a life term of supervised release.  In light of the serious nature of the offense, Carlsson's personal characteristics, the need for the protection of children, just

punishment, deterrence, and the need to promote respect for the law, a low-end guidelines sentence is reasonable.

                                    Respectfully submitted,

                                    A. Lee Bentley, III
                                    United States Attorney

By:    *s/ Karen L. Gable*
        Karen L. Gable
        Assistant United States Attorney
        USA No. 025
        400 W. Washington Street
        Suite 3100
        Orlando, Florida   32801
        Telephone:   (407) 648-7500
        Facsimile:   (407) 648-7643
        Email: karen.gable@usdoj.gov

**U.S. v. ALEXANDER JAMES CARLSSON     Case No. 6:15-cr-200-Orl-40KRS**

**CERTIFICATE OF SERVICE**

I hereby certify that on January 27, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Warren William Lindsey, Esq.
Matthew P. Ferry, Esq.

                                  *s/ Karen L. Gable*
                                  Karen L. Gable
                                  Assistant United States Attorney
                                  USA No. 025
                                  400 W. Washington Street, Suite 3100
                                  Orlando, Florida 32801
                                  Telephone:   (407) 648-7500
                                  Facsimile:   (407) 648-7643
                                  E-mail:       karen.gable@usdoj.gov